IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MAXIMO HERNANDEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> F. WHITTEN PETERS, Secretary of the Air Force, in his official capacity; COLONEL GARY D. DILLS, ex 377 ABW Wing Commander, in his official and individual capacities; COLONEL POLLY PEYER, 377 ABW Wing Commander, in her official and individual capacities; COLONEL JAN D. EAKLE, Current 377th ABW Wing Commander, in her official capacity; and GEORGE P. ELDER, Staff Attorney, in his official and individual capacities, <br><br> Defendants. | No. CIV 00-1312 PK/LFG (ACE) |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendants' Motion to Dismiss With Prejudice Plaintiff's Third Amended Complaint filed June 28, 2001 (Doc. 58), and the court, being advised fully in the premises, finds that the motion is well taken and should be granted.

Background

Mr. Maximo Hernandez, Jr. alleges the following facts, which the court takes as true in determining the legal sufficiency of the complaint under Fed. R. Civ. P. 12(b)(6).[1] See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). Mr. Hernandez is an Air Force veteran and, as of 1998,[2] a civil service retiree from Kirtland Air Force Base ("KAFB"). Doc. 50 at ¶ 5. Since his civil service retirement in 1998, he had an identification card and a car pass to enter KAFB. Id. at ¶ 8. The card and pass entitled him not only to perform his civil rights functions, but also to visit the NCO Club, do business at the Base Commissary and the Base Exchange, purchase gasoline, view movies, and other activities "that are available at KAFB that are not directly or indirectly related to civil rights functions." Id. at ¶ 6.

Mr. Hernandez characterizes himself as a civil rights advocate, associated with a group of former KAFB employees under the name of Libertad Civil Rights Advocates ("Libertad"). Id. at ¶ 7. Mr. Hernandez has acted as a lay representative of Air Force and Defense Department employees at KAFB in the pursuit of equal opportunity rights through administrative proceedings established by the Equal Employment Opportunity

---

[1] In deciding a 12(b)(6) motion, this court will look only at the four corners of the complaint and will not consider affidavits attached to Plaintiff's memorandum in opposition to Defendants' motion to dismiss which are neither referred to in the Third Amended Complaint nor central to the Plaintiff's claims. Dean Witter Reynolds, Inc. v. Howsam, 261 F.3d 956, 961 (10th Cir. 2001).

[2] According to the government, Mr. Hernandez retired in 1988. Doc. 4 at 1. Mr. Hernandez's four complaints indicate that it was 1998. Doc. 1 at ¶ 3; Doc. 3 at ¶ 3, Doc. 12, Ex. 1 at ¶ 5; Doc. 50 at ¶ 8. This fact is not material.

2

Commission of the United States ("EEOC").  Id.  The EEOC regulations allow a complainant "to be accompanied, represented and advised by a representative of complainant's choice."  29 C.F.R. § 1614.605(a).  Mr. Hernandez also has requested a criminal investigation into the death of one employee he represented, and joined with another employee he represented in disclosing a breach of security concerning nuclear stockpile information.  Doc. 50 at ¶¶ 13, 14, 20, 26.  According to the complaint, Mr. Peters, Colonel Dills, Colonel Peyer, and Colonel Eakle are or were responsible for implementing at KAFB the Title VII and EEOC regulations that provide for Mr. Hernandez's advocacy role as an employee representative.  Id. at ¶ 27.

Prior to August 17, 2000, Mr. Hernandez was not barred or restricted from entering KAFB.  Id. at ¶ 8.  On that date, Mr. Elder served Mr. Hernandez with a copy of a letter[3] signed by Colonel Dills while Mr. Hernandez was at KAFB participating in a Department of Defense investigation.  Id. at ¶ 15.  The letter alleged that Mr. Hernandez had directly contacted individual employees and supervisors in their workplace repeatedly and barred him from KAFB for an indefinite period, except as specifically authorized.  Doc. 3, Ex. 1.  The letter stated:

You may enter the base when your presence is requested in writing by

---

[3] Mr. Hernandez failed to attach the letters to his Third Amended Complaint but he referred to them in the Third Amended Complaint, Doc. 50 at ¶¶ 15,17, attached them as exhibits in the First Amended Complaint, Doc. 3, Ex. 1, 2, and admitted at the status conference that his complaint was based on the letters, Tr. at 5-6.  The letters are, therefore, properly before the court in its consideration of Defendants' 12(b)(6) motion. See Dean Witter, 261 F.3d at 961.

> the EEO Chief Counselor in relation to the processing of an EEO[C] complaint for which you have been designated as the complainant's representative, upon authorization by the Staff Judge Advocate, or at the invitation of the wing commander. You will be required to provide a copy of such written request or authorization when you request entry. When entry is authorized, you will be required to go directly to and from the requesting location or activity.

Id. The partial barment described in the letter was imposed because Colonel Dills considered Mr. Hernandez's "continued presence on this installation to be disruptive to performance of the Air Force mission and determinable to the peace and order of the base community." Id. On August 24th and 26th of 2000, Mr. Hernandez submitted a response to the letter from Colonel Dills to Colonel Peyer, then 377 ABW wing commander. Doc. 50 at ¶ 16. On August 31, 2000, Colonel Peyer replied to Mr. Hernandez's response with a letter restating Colonel Dills' allegations and partially barring him from KAFB. Id. at ¶ 17; Doc. 3, Ex. 2 ("In the future you must request prior approval to enter Kirtland AFB.").

Mr. Hernandez brought this action for declaratory, injunctive, and monetary relief against the Defendants F. Whitten Peters, Colonel Gary D. Dills,[4] Colonel Polly Peyer, Colonel Jan D. Eakle, and George P. Elder. Plaintiff makes four claims for relief in his Third Amended Complaint (Doc. 50): (1) a constitutional claim, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"),

---

[4] Colonel Dills asserts that he has not properly been served with the Third Amended Complaint. Doc. 59 at 6. Because this court is granting the motion to dismiss, it is not necessary to address this issue.

against Defendants Dills, Peyer, and Elder in their individual capacities, for defaming the Plaintiff in the barment letters, Doc. 50 at ¶ 28; (2) a constitutional claim, pursuant to Bivens, against Defendants Dills, Peyer, and Elder in their individual capacities, for barring him from KAFB in retaliation for his participation in protected activities, id. at ¶ 29; (3) in the alternative, a Title VII claim, pursuant to 42 U.S.C. § 2000e-3(a), against the Defendants Peters, Dills, Peyer, and Elder, in their official capacity, for barring him from the base in retaliation for his participation in protected activities, id. at ¶ 33; and, (4) a claim against Colonel Eakle, in her official capacity, for injunctive relief from the barment order, id. at ¶¶ 36-40.

Discussion

1. Defamation Claim

Mr. Hernandez makes a Bivens claim against Defendants Dills, Peyer, and Elder in their individual capacity for "intentionally and unlawfuly [sic] humiliat[ing] and defam[ing] Plaintiff by falsely accusing him of disrupting the Air Force mission and peace of the Base Community, as set forth in [Colonel] Dills' and [Colonel] Peyer's bar letters." Doc. 50 at ¶ 28. In Bivens, the Supreme Court held that individuals who suffer a violation of the United States Constitution by agents of the federal government may sue for damages in federal court. See Dry v. United States, 235 F.3d 1249, 1253 (10th Cir. 2000) (citing Bivens). Mr. Hernandez has failed to state a claim upon which relief may be granted because defamation is not a constitutional violation. The Supreme Court has held that "Defamation, by itself, is a tort actionable under the laws of most States, but not

5

a constitutional deprivation." Siegert v. Gilley, 500 U.S. 226, 233 (1991); see also Stidham v. Peace Officer Standards and Training, 265 F.3d 1144, 1153-54 (10th Cir. 2001).

2.  Title VII Claim

Mr. Hernandez asserts that Defendants Peters, Dills, Peyer, and Elder violated 42 U.S.C. § 2000e-3(a) and 29 C.F.R. § 1614 by "unlawfully retaliat[ing] against Plaintiff by issuing him discriminatory 'bar' letters, discriminatorily restricting his ability to represent employees, and defaming him, based on his role as EEO[C] representative." Doc. 50 at ¶ 33. Mr. Hernandez fails to state a claim under Title VII for two reasons.

*A. Mr. Hernandez is not covered by Title VII's anti-retaliation provision.*

Section 2000e-3(a) prohibits discrimination against "employees or applicants for employment." In his complaint, Plaintiff indicates he is not a federal employee and the retaliation he complains of was not against him in any employee capacity. Doc. 50 at ¶ 35. Although a regulation pertinent to § 2000e-3(a) provides that "no person" shall be subject to retaliation, 29 C.F.R. § 1614.101(b), the regulation merely states an administrative interpretation and does not override the statute. See Whitney v. Booker, 147 F.3d 1280, 1282 (10th Cir. 1998); Snyder v. Shalala, 44 F.3d 896, 899 (10th Cir. 1995). Although the Supreme Court has held that 42 U.S.C. § 2000e-3(a) applies to former employees, Robinson v. Shell Oil Co., 519 U.S. 337, 346 (1997), Mr. Hernandez is not claiming retaliation as a former employee. Moreover, the protected activity Mr. Hernandez complains of arises, in the main, from his seeking to represent other employee

6

complainants. 29 C.F.R. § 1614.605(a). Additionally, this court agrees with Chief Judge Parker's conclusion that Mr. Hernandez has no standing to enforce any rights contained in § 1614.605; the right to designate a lay representative is enforceable only by the complainant. Hernandez v. Peters, No. Civ. No. 88-1270 JP/WWD, memo. op. & order at 6 (D.N.M. Nov. 22, 2000) (electronically filed Doc. 241 in No. 88-1270) (declining to reopen Mr. Hernandez's prior settlement agreement based upon current partial barment order). See Doc. 10, Ex. A (copy of Chief Judge Parker's opinion).

   *B. Mr. Hernandez has not exhausted Title VII administrative remedies*

Even assuming that Mr. Hernandez states a claim for retaliation under Title VII based upon his participation in protected proceedings, 42 U.S.C. § 2000e-3(a), 29 C.F.R. §§ 1614.101(b), 1614.605, Title VII requires exhaustion. The authority to enforce Title VII is vested in the EEOC. 42 U.S.C. §§ 2000e-5, 2000e-16. Although a plaintiff is permitted to file suit in federal court alleging a violation of Title VII, it is well settled that the plaintiff must first file and fully exhaust a timely charge of discrimination with the EEOC. Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 799 (10th Cir. 1997); Khader v. Aspin, 1 F.3d 968, 971(10th Cir. 1993). Federal courts lack jurisdiction to entertain Title VII claims unless such claims were previously filed with the EEOC. Seymore, 111 F.3d at 799; Khader, 1 F.3d at 970-71. Despite his argument that Title VII applies, Mr. Hernandez has failed to file a claim with the EEOC. Doc. 50 at ¶ 35. Mr. Hernandez merely notes "that he is without administrative recourse ... so that exhaustion of

7

administrative remedies should not be required of him, as there are none available to Plaintiff." Id. There is no authority that waives this requirement for him.

*C. If Title VII somehow applied, it preempts Mr. Hernandez's Bivens claim*

To the extent that Title VII somehow applies, it preempts Mr. Hernandez's Bivens claim. In Belhomme v. Widnall, 127 F.3d 1214, 1215-16 (10th Cir. 1997), the plaintiff filed an action alleging that his termination from a civilian position at Kirtland Air Force Base violated Title VII, 42 U.S.C. § 1981 and § 1983, and the First, Fifth, Ninth and Fourteenth Amendments of the United States Constitution. The Tenth Circuit held that the plaintiff's "claims under the Constitution fail because the Supreme Court has clearly stated that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII." Id. at 1217 (citing Brown v. General Servs. Admin., 425 U.S. 820, 828-29, 835 (1976)); see also Hill v. Dep't of the Air Force, 884 F.2d 1318, 1321 (10th Cir. 1989) (Bivens remedy unavailable to civilian military employee at KAFB). If Mr. Hernandez is of the view that Title VII applies, it makes sense to require him to approach the EEOC first with his retaliation claim, particularly given the law that "Title VII preempts any constitutional cause of action that a court might find under the First and Fifth Amendments for discrimination in federal employment." Belhomme, 127 F.3d at 1217 (citing Bush v. Lucas, 462 U.S. 367, 368 (1983)).

In response to the Defenants' motion to dismiss, Mr. Hernandez argues that he pled his case in the alternative, and that his Bivens claims are not entirely subsumed into the alleged Title VII issues. Doc. 60 at 12. The court disagrees–the activities Mr.

8

Hernandez relies upon arose out of and are directly related to his representation activities. See Doc. 50 at ¶¶ 13, 14, 19, 20, 21, 26. Merely because Mr. Hernandez wrote to the Secretary of Defense requesting a criminal investigation upon the death of one employee he represented, id. at ¶ 13, or passed along information gained from employees he represented concerning an alleged breach of security about nuclear stockpiles, id. at ¶¶ 14, 26, does not transform the essential nature of the complaint.

3. Constitutional Claims

Mr. Hernandez asserts a Bivens claim against Defendants Dills, Elder, and Peyers in their individual capacity for intentionally violating his First and Fifth Amendment rights by "capriciously, arbitrarily, discriminatorily, and without rational basis, and in the absence of due process of law, barring him from KAFB on account of and as a result of his [protected activity]." Doc. 50 at ¶ 29. Mr. Hernandez's First and Fifth Amendment Bivens claims cannot withstand a motion to dismiss.

    A. *First Amendment*

Mr. Hernandez alleges that the partial barment letter violated his First Amendment rights because it was issued on account of statements he made to the local newspaper about the death of an employee he represented, KAFB discrimination complaints, and requests for criminal investigations made to the Department of Justice, Department of Defense and the Air Force, implicating them in the death of an employee he represented. Doc. 50 at ¶ 29. It is important to note that Mr. Hernandez was not completely barred from base entry, rather his presence must be requested by the EEO Chief Counselor,

authorized by the Staff Judge Advocate, or invited by the wing commander. It is equally important to note that Mr. Hernandez is free to continue civil rights advocacy from venues other than KAFB. The issue is whether the restrictions contained in the partial barment order violate the First Amendment, given the allegations that they were imposed with a retaliatory motive.

This question cannot be answered without reference to the nature of Mr. Hernandez's activities and the nature of the forum. Mr. Hernandez alleges that he "has discovered invidious discrimination and reprisal against Hispanic employees," Doc. 50 at ¶ 19, and he and the association with which he works (Libertad) seek to represent those employees. Id. at ¶¶ 10, 11, 12. In fashioning the barment letter, Defendant Dills acknowledged this function in part:

> However, recognizing the right of employees to designate you or members of your organization as a representative in the EEO[C] complaint process, I have tailored this order to permit your continued contact with those offices that are responsible for EEO[C] complaint processing and personnel who represent the Air Force.

Doc. 3, Ex. 1. Merely because Mr. Hernandez is available to serve as a lay representative for EEOC complainants, does not mean that the base is required to afford him unlimited access to perform other civil rights advocacy functions, let alone accomplish his representation in any manner he sees fit. In this sense, the allegations of retaliation are really beside the point. The military base can insure that Mr. Hernandez function only as a lay representative and in a manner that will not disrupt base operations, by restricting his access to the base. Although Mr. Hernandez may deny that his activities on the base

10

constitute disruption, base officials have the prerogative of setting the terms and conditions of base entry consistent with military order. The base may set reasonable limits on Mr. Hernandez's access to the base. It has done so.

A military base is not a public forum, open to all civilians, absent allegations and proof that the military not only intended to, but also has, abandoned its right to exclude civilians. United States v. Albertini, 472 U.S. 675, 685-86 (1985); Brown v. Palmer, 944 F.2d 732, 738-39 (10th Cir. 1991). The practical effect of this is that persons engaging in otherwise protected speech may be excluded. The fact that other retired civil service employees or city bus passengers enter the base without like restrictions, Doc. 50 at ¶ 8, says nothing about the government's intent to open the base up to civil rights advocacy in general, and recruitment of discrimination complainants in particular.[5] Mr. Hernandez's statement that his activities took place "in an open military installation" is purely conclusory. Doc. 50 at ¶ 38. Given Mr. Hernandez's activities described in his complaint, the restrictions placed upon Mr. Hernandez's entry on the base are consistent with the broad authority conferred upon the commander of a military base. Cafeteria and Restaurant Workers Union v. McElroy, 367 U.S. 886, 893-94 (1961). This is particularly true where Mr. Hernandez has not alleged in his complaint facts tending to show why any of the stated reasons for the partial barment order are incorrect, other than in wholly conclusory terms such as "without rational basis," Doc. 50 at ¶¶ 15, 17, 37, "ridiculous,"

---

[5] That Mr. Hernandez seeks to recruit discrimination complainants is an unmistakable inference from the complaint.

id. at ¶ 18, and "rest only on unsubstantiated allegations and suspicions," id. at ¶ 37. Merely because Mr. Hernandez claims that he did not violate any Department of Defense or Air Force regulation, id. at ¶ 37, does not circumscribe the power of the base commander to regulate entry on the base. Moreover, the power of the base commander to regulate entry on the base is not limited to persons violating only Department of Defense or Air Force regulations. The partial barment order is rational. See Weissman v. United States, 387 F.2d 271, 274 (10th Cir. 1967).

To be sure, in the public employer context, benefits may not be denied for exercising First Amendment rights, absent a determination that the benefits would have been denied even without the protected activity. Bd. of County Comm'rs v. Umbehr, 518 U.S. 668, 675-76 (1996); Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). In Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2000), the Tenth Circuit set forth the elements of a First Amendment retaliation claim against non-employer defendants: (1) the plaintiff was engaged in constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendant's adverse action was substantially motivated as a response to constitutionally protected conduct. Assuming this test applies, Mr. Hernandez does not allege, nor permit an inference, that a person of ordinary firmness would be chilled in civil rights advocacy functions merely because some of those activities could not take place upon the base, or because certain incidental benefits of base access, were no longer available.

In sum, the court has a very limited function insofar as reviewing a commander's decision regarding access to a military base. Mr. Hernandez's allegations fall short of stating an actionable claim warranting declaratory, injunctive, and monetary relief based upon the First Amendment. See Peterson v. Shanks, 149 F.3d 1140, 1144 (10th Cir. 1998) (inmate alleging retaliation must allege specific facts tending to show that but for the protected activity, the alleged retaliatory act would not have occurred).

   *B. Fifth Amendment*

Mr. Hernandez asserts that the barment letter was issued without a rational basis, Doc. 50 at ¶¶ 15,17, in an arbitrary and discriminatory manner, id. at ¶ 29, and in the absence of due process of law, id. The Supreme Court repeatedly has held that a commanding officer has broad discretion to exclude civilians from a military base. United States v. Albertini, 472 U.S. 675, 690 (1985) (citing Cafeteria, 367 U.S. at 889). This power, however, cannot be exercised in a manner that is patently discriminatory or arbitrary. Id. Colonel Dills' letter alleged that Mr. Hernandez had directly and repeatedly contacted individual employees and supervisors in their workplace at KAFB. Doc. 3, Ex. 1. Mr. Hernandez has failed to plead any facts that would show that this allegation was incorrect, discriminatory, or arbitrary. Merely alleging that the barment letter is "without a rational basis," is a legal conclusion that is insufficient given the express reasons contained in the partial barment order. Doc. 50 at ¶ 15. Failure to hold a hearing prior to issuing the bar letter is not necessarily a violation of due process. Cafeteria, 367 U.S. at 895. To determine whether due process requires a hearing in a

given case, the court must determine the precise nature of the governmental function involved as well as the private interest that has been affected by the governmental action. Id. In this case, the governmental function involved is the smooth and orderly management of the internal operations of the KAFB. Since Mr. Hernandez can still come on the base when requested by the EEO Chief Counselor for the processing of an EEOC complaint in which he is the designated representative, Mr. Hernandez's private interest affected by the partial barment letter is only that slight economic advantage he derives from visiting the NCO club, doing business at the Base Commissary and the Base Exchange, purchasing gasoline, and viewing movies. See Tokar v. Hearne, 699 F.2d 753, 756-57 (5th Cir. 1983); United States v. Jelenski, 411 F.2d 476, 478 (5th Cir. 1969). Balancing these interests against each other, this court finds that it was not a violation of due process for the Defendants to issue the partial barment order without holding a hearing.[6]

4. Injunctive Relief

In light of the foregoing, it is unnecessary to address Mr. Hernandez's claim for injunctive relief.

Finally, after four complaints, the court concludes that amendment of the complaint would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962); TV

---

[6] This holding is consistent with the precedent of the First, Fourth, Fifth, and Ninth Circuits. See, e.g. Berry v. Bean, 796 F.2d 713 (4th Cir. 1986); United States v. Albertini, 783 F.2d 1484 (9th Cir. 1986); Serrano Medina v. United States, 709 F.2d 104 (1st Cir.1983); Tokar, 699 F.2d 753.

Communications Network, Inc. v. Turner Network Television, Inc., 964 F.2d 1022, 1028 (10th Cir. 1992).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that Defendants' (F. Whitten Peters, Colonel Gary D. Dills, Colonel Polly Peyer, Colonel Jan D. Eakle, and George P. Elder) Motion to Dismiss With Prejudice Plaintiff's Third Amended Complaint filed June 28, 2001 (Doc. 58), is granted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Strike as Untimely Defendant's Reply to Plaintiff's Response to Defendants' Motion to Dismiss filed July 31, 2001 (Doc. 64), is denied.

DATED this 5th day of December 2001, at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting By Designation

Counsel:
Major Timothy J. Cothrel, Air Force General Litigation Division, Arlington, Virginia, and Norman C. Bay, United States Attorney, and Cynthia L. Weisman, Assistant U.S. Attorney, Albuquerque, New Mexico, for Defendants.

Dennis W. Montoya, Montoya Law, Inc., Albuquerque, New Mexico, for Plaintiff.